IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KELVIN ANDRE SPOTTS,

    Petitioner,

vs.                                          CRIMINAL ACTION NO. 3:98-00047-01
                                               (CIVIL ACTION NOS. 3:00-0647;
                                                3:05-0124; and 3:06-0109)

UNITED STATES OF AMERICA ,

    Respondent.

**ORDER**

        Pending before the Court are documents number 999 through 1007 which were filed by Petitioner on August 4, 2006, and documents 1008 through 1027 which were filed on August 7, 2006. Amongst the filings are a number of motions and objections to the Findings and Recommendation of the Magistrate Judge. In his objections and amended objections, Petitioner argues that his motion is not a second or successive motion as found by the Magistrate Judge. [Doc. Nos. 999, 1017, & 1018]. Although the Court finds his objections timely filed, the Court finds no merit to Petitioner's argument that his current motion is not a successive motion under 28 U.S.C. § 2255. In some of his filings, Petitioner asserts that he did not request an extension of time and his "Affidavits" filed on June 19, 2006 should be deemed timely filed objections. [Doc. Nos. 1001 & 1002]. Even if the Court would consider such "Affidavits" as objections, the Court finds they do not change the fact that Petitioner's action is a barred as a successive pleading. Accordingly, upon

de novo review, the Court **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge and **DENIES** Petitioner's objections **with prejudice**.

With respect to the remaining motions, the Court also finds them without merit. In fact many of these motions are duplicative of motions previously denied by the Court. Therefore, the Court **DENIES** the following motions **with prejudice**:

1. "Motion to Compel Ruling on Rule 52(b) Motion to be made now that Order on 7/27/06, has been issued ........" [doc. no. 1003];

2. "Petitioner's Memorandum in Support of Motion to Alter and/or Amend the Judgment being filed in Advance to be Construed as Timely Filed Once Judgment is Entered" [doc. no. 1004];

3. "Petitioner's Memorandum in Support of Motion to Add and/or Amend Findings of Facts" [doc. no. 1005];

4. "Petitioner's Memorandum in Support of Motion to Recuse" [doc. no. 1006];

5. "Petitioner's Memorandum in Support of Motion to Consolidate Civil Action Numbers: 3:00-CV-0647, 3:05-CV-0124, & 3:06-CV-0109" [doc. no. 1007];

6. "Petitioner's Memorandum in Support of Motion to Add and/or Amend Findings of Fact" [doc. no. 1008];

7. "Petitioner's Memorandum in Support of Motion to Recuse" [doc. no. 1009];

8. "Petitioner's Memorandum in Support of Motion for Relief from Judgment filed September 30th, 2003" [doc. no. 1010];

9. "Petitioner's Memorandum in Support of Motion for Relief from Judgment filed August of 2005" [doc. no. 1013];

10. "Motion Requesting Emergency Mandatory Evidentiary Hearing to Prevent further Fundamental Miscarriage of Justice *Keeney v. Tamayo-Reyes*, 504 U.S. 1, (1992)" [doc. no. 1019]; and

    11.    "Petitioner's Memorandum in Support of Motion to Consolidate Civil Action Numbers: 3:00-CV-0647, 3:05-CV-0124, & 3:06-CV-0109" [doc. no. 1020].

The Court also has reviewed all the remaining documents filed by Petitioner. To the extent he may believe any of these remaining documents are actually motions, the Court **DENIES** them **with prejudice**.

Finally, the Court informs Petitioner that each of the civil actions he has filed are **CLOSED** cases in this Court and all the issues in those cases have been resolved. Thus, Petitioner's repetitive filing of duplicative motions and documents will be routinely denied by this Court **WITHOUT ANY FURTHER CONSIDERATION**. In addition, Petitioner has **FULLY EXHAUSTED** his ability to file motions pursuant to 28 U.S.C. § 2255, unless he seeks and receives permission to file a successive motion from the Fourth Circuit Court of Appeals. Without such authorization, any attempt by Petitioner to file a new case in which he moves for relief pursuant to § 2255 **WILL BE DENIED** by this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

    ENTER:    August 8, 2006

    ROBERT C. CHAMBERS
    UNITED STATES DISTRICT JUDGE