IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KELVIN ANDRE SPOTTS,

    Petitioner,

vs.                               CIVIL ACTION NO.     3:00-0647
                                   CRIMINAL ACTION NO.   3:98-00047-01

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

Pending before the Court are the following three motions filed by Petitioner Kelvin Andre Spotts: (1) "Motion to Reconsider Position under the 'Manifest Injustice Exception' in the 'Interest of Justice' to Vacate Mr. Spotts Sentence after a sua sponte Determination has been made after Applying Mathis V United States, 136 S. Ct. 2243 (2016) (ECF No. 1391); (2) "In light of Buck v. Davis --- U.S. --- (2017) Rule 60(b)(6) Motion to Reconsider Position under the 'Manifest Injustice Exception' in the 'Interest of Justice' to Vacate Mr. Spotts Sentence after a sua sponte Determination has been made after Applying Mathis V United States, 136 S. Ct. 2243 (2016); and (3) "Motion to Supplement Rule 60(b)(6) Motion Filed in Light of Buck v. Davis, --- U.S. --- (2017) and Motion to Compel Ruling on Rule 60(b)(6) Motion." (ECF No. 1393). As this Court repeatedly has told Petitioner, he **IS REQUIRED** to receive permission from the Fourth Circuit Court of Appeals before this Court can entertain a successive § 2255 petition. Without such permission, all successive § 2255 petitions will be **DENIED**. Although Petitioner filed his second

motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court finds it clearly is yet another successive motion for collateral review. Accordingly, as Petitioner did not receive permission to file his motions, the Court **DENIES WITH PREJUDICE** all three motions.

The court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshal Service.

ENTER: June 8, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE