IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

vs.                                                                 CIVIL ACTION NO.       3:00-0647
                                                                  CRIMINAL ACTION NO.   3:98-00047-01

KELVIN ANDRE SPOTTS, a/k/a Shorty

**ORDER**

Pending before the Court is a "Motion Requesting Permission to File Pro Se Motion for Reconsideration" filed by Defendant Kelvin Andre Spotts on January 6, 2020. ECF No. 1482. The motion is effectively a request for an extension of time to file a motion for reconsideration. Defendant claims that on November 9, 2019, he "received a copy of the order issued on 11/3/19." *Id.* at 1. The Court construes Defendant's language as a reference to the Court's December 3, 2019 Memorandum Opinion and Order, ECF No. 1480, and related Order, ECF No. 1481, as no order was issued in Defendant's case on November 3, 2019. In any event, Defendant seeks an extension of time to file a motion for reconsideration until "all parties are served with good time credit and a revised release date." ECF No. 1482, at 1.

While the Federal Rules of Criminal Procedure "do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed," *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362, 364 (4th Cir. 1985), such motions are timely if they are filed before an applicable order becomes final, *see United States v. Ibarra*, 502 U.S. 1, 4 n. 2 (1991). Defendants in criminal cases must file any notice of appeal within fourteen days of entry of the order they seek to appeal, and so it follows that any motion for reconsideration must be filed within that same

range. *See* Fed. R. App. P. 4(b)(1)(A)(i). While this window is narrow, "[u]pon a finding of excusable neglect or good cause, [a] district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed." Fed. R. App. P. 4(b)(4). The Court finds such good cause here, as Defendant represents that he has been "on lockdown status" since November 11, 2019 and did not receive a copy of the relevant Memorandum Opinion and Order until December 9, 2019. Pursuant to Rule 26(a)(1) of the Federal Rules of Appellate Procedure, Defendant's fourteen-day window in which to file an appeal ended on December 18, 2019. The Court therefore exercises its discretion to extend Defendant's window to file a notice of appeal by 30 days—in this case, to January 17, 2020—which also extends the period in which Defendant may file a motion for reconsideration. The Court cautions that an inmate's notice of appeal is deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). As such, any motion for reconsideration must be delivered to prison authorities for mailing by January 17, 2020.

The Court therefore **GRANTS IN PART** the motion, ECF No. 1482, extending the time for Defendant to file a motion for reconsideration to January 17, 2020, but **DENIES IN PART** the motion to the extent he requests a lengthier extension. The Court further **DIRECTS** counsel to coordinate with Defendant in advance of submitting any future filings.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: January 8, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE